**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                    CASE NO.  4:01cr47-SPM/AK

WILLIE FRANCIS,

          Defendant.

_____/

**ORDER**

THIS CAUSE comes for consideration upon the magistrate judge's report

and recommendation dated October 13, 2005 (doc. 174).  Defendant has been

furnished a copy of the report and recommendation and has filed objections

(190). Having considered the report and recommendation and objections

pursuant to Title 28, United States Code, Section 636(b)(1), I have determined

that the report and recommendation should be adopted.

The magistrate judge correctly concluded that Defendant's statements to

law enforcement were not plea discussions protected under Federal Rule of

Criminal Procedure 11 because the prosecutor was not involved in the taking of

Defendant's statements as part of a Rule 11 plea negotiation.  United States v.

Jones, 32 F.3d 1512, 1517 (11th Cir. 1994).  Furthermore, claims of ineffective

assistance of counsel for constitutional errors occurring before a guilty plea are

limited to consideration of whether the plea was voluntary and intelligent, since a guilty plea waives all nonjurisdictional defects occurring prior to the time of the plea.  Stano v. Dugger, 921 F.2d 1125, 1150 (11th Cir. 1991).  To establish prejudice, a defendant must show that "'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  Defendant has not established prejudice because he makes no indication that he wishes to withdraw his plea and proceed to trial.

Defendant seeks instead to retain the benefit of his plea and cooperation agreement, specifically the substantial assistance motion filed pursuant thereto, while arguing that his cooperation was not really voluntary.  It is doubtful that Defendant would be allowed to disavow his underlying cooperation and still retain the benefit of the substantial assistance motion filed pursuant to the plea and cooperation agreement.  See United States v. Lewis, 964 F.Supp. 1513, 1518 (D. Kan. 1997).   In any event, even if Defendant's statements disclosing drug amounts other than the undercover buys were excluded, Defendant qualified as a career offender and he has not shown that his guideline range would change. Defendant has therefore failed to establish any prejudice at sentencing from his lawyer's failure to argue that the drug amount should be limited to the undercover buys.

As a final matter, Defendant seeks leave to file a second amendment to

his 2255 motion to add a Booker[1] claim.  The attempted amendment is futile

because  Booker is not retroactive on collateral review.  Varela v. United States,

400 F.3d. 864, 868 (11th Cir. 2005).

Accordingly, it is hereby ORDERED as follows:

1.     The magistrate judge's report and recommendation (doc. 174) is

ADOPTED and incorporated by reference in this order.

2.      Defendant's first motion to amend (doc. 141) is granted.

3.      Defendant's motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255 (doc. 118) along with the additional claim alleged

(doc. 141)  is denied.

4.      Defendant's request (doc. 190) for leave to amend his motion for a

second time to add a Booker claim is denied.

DONE AND ORDERED this 22nd day of December, 2005.

_s/ Stephan P. Mickle_____

Stephan P. Mickle
United States District Judge

---

[1]  United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).